IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION


FILED
MAY 14 2019
Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| WELLS FARGO BANK, N.A. AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES WMC 2005-HE5,<br><br>Plaintiff,<br><br>vs.<br><br>RICK J. BOWLER,<br><br>Defendant. | CV 18–49–M–DLC<br><br>ORDER |

Before the Court is Plaintiff's Motion for Summary Judgment (Doc. 20). Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Certificateholders of the Asset Backed Securities Corporation Home Equity Loan Trust, Asset Backed Pass-Through Certificates, Series WMC 2005-HE5 ("Wells Fargo"), seeks judgment on a Promissory Note signed by Defendant Rick J. Bowler and a decree of foreclosure on the Deed of Trust intended to secure the promissory note. For the following reasons, Wells Fargo's Motion will be granted.

-1-

## BACKGROUND

The following facts are undisputed. On March 10, 2005, Bowler executed both a Promissory Note ("the Note") in the original principal amount of $260,000.00 and a Deed of Trust securing Bowler's obligations under the Note. (Docs. 9-1 at 5; 9-2 at 1–2, 17; 22 at 2.) The Deed of Trust describes the following as security for the Note:

> Parcel I: Lot 4 of Clark Fork Meadows, a platted subdivision in Missoula County, Montana according to the official record plat thereof.
>
> Parcel II: TOGETHER WITH an access easement for the purposes of ingress and egress to said Lot 4 over and across a private easement along the Northerly boundaries of Lot 1 and Lot 3 of said Clark Fork Meadows from the County Road.

(Docs. 9-2 at 3, 18; 22 at 3.)

Wells Fargo is both the trustee for the trust holding the Note and the assignee of the Deed of Trust. (Docs. 21 at 2; 22 at 2.)

Under the terms of the Note, Wells Fargo, as trustee, is entitled to demand the entire balance owing under the Note upon Bowler's default. (Docs. 9-1 at 2.) Additionally, Bowler's default on the Note constitutes a default under the terms of the Deed of Trust. (Docs. 9-2 at 1–5; 22 at 5.) The Note provides that Bowler is liable for Wells Fargo's reasonable attorneys' fees, costs, and expenses incurred in enforcing its rights under the Note. (Doc. 9-1 at 3.)

Bowler has failed to make payments in accordance with the conditions of the Note and received notice of default in December of 2017. (Docs. 9-5 at 1–2; 22 at 4.) Based on these undisputed facts, Wells Fargo is seeking $251,694.54 in principal, in excess of $196,260.10 in interest, $60,929.88 in escrow fees, and $1,985.77 in advance fees. (Doc. 22 at 4.)

## LEGAL STANDARD

Wells Fargo is entitled to summary judgment if it can demonstrate "that there is no genuine issue as to any material fact and [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable fact-finder to return a verdict for the nonmoving party. *Id.* If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue of fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## DISCUSSION

Because this Court is exercising diversity jurisdiction, the substantive law of Montana applies. *Stanford Ranch, Inc. v. Maryland Cas. Co.*, 89 F.3d 618, 624 (9th Cir. 1996). However, neither party has provided the Court with the

substantive law governing this case. Instead, Wells Fargo conclusively asserts that it is entitled to judgment on the Note and a decree of foreclosure on the Deed of Trust "as a matter of law" without providing any law. (Doc. 21 at 7–8.) And, for his part, Bowler simply concedes that Wells Fargo has "dutifully recited the undisputed facts that are relevant to obtaining an order of judicial foreclosure" but asserts that there are reasons the Court should refrain from entering summary judgment at this time. (Doc. 26 at 2–6.) Although Wells Fargo failed to provide any law establishing that it is entitled to judgment as a matter of law, it has provided undisputed facts that entitle it to that relief.

The Deed of Trust executed in this case has the effect of "transferring the title of the borrower to a private trustee to be held by the trustee to secure the performance of the obligation by the borrower." *First State Bank of Forsyth v. Chunkapura*, 734 P.2d 1203, 1205 (Mont. 1987). This trust indenture is permitted by Montana's Small Tract Financing Act ("the Financing Act") in lieu of a traditional mortgage. *Id.* Consistent with the Financing Act, the Deed of Trust in this case "grants and conveys to Trustee, in trust, with power of sale, the property" with the legal description provided above. (Doc. 9-2 at 3, 18.) "Such instruments have the effect of transferring the title of the borrower to a private trustee to be held by the trustee to secure the performance of the obligation by the borrower."

*Chunkapura*, 734 P.2d at 1205. It is undisputed that Wells Fargo is the Trustee of the trust in this case. (Doc. 26-2 at 5.) Montana Code Annotated § 71–1–304(2) provides that a power of sale, such as the one conferred here, is given to the trustee "to be exercised after a breach of the obligation for which the transfer is security."

A trust indenture may be foreclosed upon in one of two ways: "by advertisement and sale" or, "at the option of the beneficiary, by judicial procedure as provided by law for the foreclosure of mortgages on real property." Mont. Code Ann. § 71–1–304(3). When the foreclosure is completed via advertisement and sale, the Financing Act expressly prohibits the entry of a deficiency judgment. § 71–1–317. On the other hand, the judicial foreclosure of a mortgage is typically attended by the debtor's rights of possession and redemption for the year following the foreclosure and can also result in a deficiency judgment. *Chunkapura*, 734 P.2d at 1204–05. But, in the context of a judicial foreclosure on occupied, single-family residential property pursued under the authorization of the Financing Act, the Montana Supreme Court has determined that the typical legal consequences of a judicial foreclosure—the lender's entitlement to a deficiency judgment and the borrower's entitlements to a one-year period of redemption and possession[1]—do not apply. *Id.* at 1208, 1211.

---

[1] Any right of possession expires ten days after the conclusion of the trustee's sale. § 71–1–319.

Here, Wells Fargo has opted to pursue judicial foreclosure. Accordingly, the foreclosure is governed by the "one action rule" to the extent it is consistent with the remedies provided by the Financing Act. *Id.* at 1203; § 71–1–305; *F.D.I.C. v. Shoop*, 2 F.3d 948, 951 (9th Cir. 1993) ("The form of the instrument . . . does not take this case out of the one action rule."). The "one action rule" provides that the Court may, by its judgment, direct:

> (a) a sale of the encumbered property or as much of the property as may be necessary;
> (b) the application of the proceeds of the sale, including the payment of property taxes due at the time of foreclosure; and
> (c) the payment of the costs of the court, the expenses of the sale, and the amount due the plaintiff.

§ 71–1–222(1). To make a prima facie case for foreclosure, Wells Fargo is obligated to prove the following three elements: (1) Bowler's debt; (2) nonpayment of the debt; and (3) Wells Fargo's present ownership of the debt. *First Nat. Bank of Albuquerque v. Quinta Land and Cattle Co.*, 779 P.2d 48, 50 (Mont. 1989); *HSBC BANK USA, Nat. Ass'n v. Anderson*, 406 P.3d 416, 425 (Mont. 2017).

It is undisputed that Bowler borrowed money as reflected in the Note and Deed of Trust. (Docs. 12 at 1; 26-2 at 1–4.) Wells Fargo claims that Bowler owes $251,694.54 in principal, $196,260.10 in interest calculated "to February 1, 2018," $60,929.88 in "Escrow/Impound Advance Balance," and $1,985.77 in "Loan Level Advance Balance." (Docs. 21 at 4; 22 at 4.) In its brief, Wells Fargo claims that

interest will continue to accrue "from February 1, 2019 at a rate of $58.61 per day." (Doc. 21 at 4.) However, in its statement of undisputed facts, Wells Fargo claims that this number is "$53.98 per day." (Doc. 22 at 4.) The latter rate of interest comes from the Affidavit of Stephanie Jolley and its attached "Payoff Statement." (Doc. 23 at 3–4.) While Bowler did not dispute Wells Fargo's use of the lower rate, the Court finds that the record supports the higher rate and will use it in its calculations. (*Id.* at 3–4.)

Bowler raises two disputes as to the amount of the debt. First, he disputes the day to which interest is claimed to have been calculated to. (Doc. 26-2 at 5–6.) Wells Fargo's brief and statement of undisputed facts both purport to have calculated interest through February 1, 2018. (Docs. 21 at 4; 22 at 4.) However, both the brief and statement of undisputed facts then state that the amount of per diem is running as of February 1, 2019. (Docs. 21 at 4; 22 at 4.) And the "Payoff Statement" attached to Jolley's Affidavit shows that interest was calculated through February 1, 2019. (Doc. 23 at 4.) The Court finds that this is an error in transcription on the part of Wells Fargo, but that there is not a material dispute as to when interest was calculated through. Accordingly, the Court will calculate any additional interest as of February 1, 2019.

Second, Bowler disputes the "amount of Escrow/Impound Balance that is appropriate." (*Id.* at 6.) Wells Fargo has submitted the "Payoff Statement" generated by Select Portfolio Servicing, Inc. in support of its claim for $60,929.88 of "Escrow/Impound Advance Balance." (Docs. 22 at 4; 23 at 4.) Although Bowler disputes this amount, he does not make any effort to set forth specific facts showing why a different number is appropriate. Instead, he merely claims that the number is inappropriate. In other words, he has not attempted to show that there is a genuine issue for trial that would preclude summary judgment on this issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

Based on the foregoing, the Court finds that there is no dispute of material fact regarding Bowler's debt. As to the remaining two elements of a prima facie case for foreclosure, Bowler has stipulated to Wells Fargo's present ownership of the debt and does not dispute that he has failed to make payments owed under the Note. (Docs. 12 at 1; 16 at 3; 26-2 at 5.) The Court finds that Wells Fargo has made a prima facie case for foreclosure.

However, before concluding that foreclosure is warranted in this case, the Court must address two arguments presented by Bowler. First, Bowler argues that the legal description of the property as provided in the Deed of Trust is "demonstrably wrong" because recent FEMA maps show changes to the floodway

and flood hazard area that, Bowler contends, cause the legal description used in this action to be insufficient for purposes of providing "constructive notice" of the property that is subject to foreclosure. This argument lacks merit. Bowler does not provide any record evidence showing that the legal description has changed from that provided in the Deed of Trust. Further, Bowler provides no legal authority for his position that changes to the flood map result in a change to the legal description as platted. The legal description provided in the pleadings matches the legal description in the deed of trust and the Court finds that it specifically identifies the land to be foreclosed upon.

Second, Bowler alleges that Wells Fargo will receive a windfall through foreclosure because of the amount of money Bowler has put into the property. This argument also lacks merit. The Court, in its judgment, is responsible for applying "the proceeds of the sale" in accordance with the law. § 71–1–222(1). The law does not entitle Wells Fargo to any surplus from the foreclosure sale. *See* § 71–1–316(1)(b) (describing procedure for dispersion of surplus funds after foreclosure sale).

The Court is satisfied that Wells Fargo is entitled to judgment on the Note and a decree of foreclosure on the Deed of Trust. The briefing in this matter was far below that expected by this Court. When a party requests relief, it is incumbent

on that party to communicate the legal basis for that relief. When a party is opposing requested relief, it is incumbent on the opposing party to provide the legal basis upon which they believe the relief should be denied. In this case, neither party met its respective burden. The Court has expended significantly more time than necessary for resolution of this matter. In the future, should this deficiency be repeated, the requested relief will be denied without analysis.

IT IS ORDERED that Wells Fargo's Motion for Summary Judgment (Doc. 20) is GRANTED.

IT IS FURTHER ORDERED that Judgment is granted in favor of Wells Fargo on the Note as follows:

| | |
|---|---|
| Unpaid Principal | $251,694.54 |
| Interest on the Unpaid Principal through February 1, 2019 | $196,260.10 |
| Escrow/Impound Advance Balance | $60,929.88 |
| Loan Level Advance Balance | $1,985.77 |
| Per Diem Interest Charge on Unpaid Principal from February 1, 2019 through the date of this Judgment | $5,978.22 |

IT IS FURTHER ORDERED that, pursuant to the Deed of Trust and the Financing Act, Wells Fargo is entitled to judicial foreclosure on the property described as follows:

Parcel I: Lot 4 of Clark Fork Meadows, a platted subdivision in Missoula County, Montana, according to the official recorded plat thereof.

Parcel II: TOGETHER WITH an access easement for the purposes of ingress and egress to said Lot 4 over and across a private access easement along the Northerly boundaries of Lot 1 and Lot 3 of said Clark Fork Meadows from the County Road.

IT IS FURTHER ORDERED that the United States Marshal shall conduct the sale and shall execute deeds and all other documents necessary to transfer title of the property to the purchaser or purchasers.

IT IS FURTHER ORDERED that the proceeds from the foreclosure sale is to be applied in the following order:

1. To the United States Marshal's office for costs and expenses of sale;

2. To any prior liens arising from real property taxes owed on the properties to Missoula County;

3. To the debt owed to Wells Fargo under the Note, as specified above;

4. To any costs of collection, including reasonable attorney's fees and costs.

All remaining funds, if any, shall be deposited with the Clerk of Court and disbursed consistent with Montana law.

DATED this 14th day of May, 2019.

Dana L. Christensen, Chief Judge
United States District Court