IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A. AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES WMC 2005-HE5,<br><br>                Plaintiff,<br><br>   vs.<br><br>RICK J. BOWLER,<br><br>               Defendant. | CV 18–49–M–DLC<br><br><br>ORDER |

Before the Court is Defendant Rick Bowler's Motion to Set Aside Foreclosure Sale. (Doc. 39.) For the reasons explained, the Motion is denied.

### BACKGROUND

In 2001, Defendant Rick Bowler purchased a lot bordering the Clark Fork River in Clinton, Montana. (Doc. 41 at 2.) Defendants ("Wells Fargo") held the mortgage and deed of trust for the property. (Doc. 26-2 at 2.) In 2017, Wells Fargo notified Bowler that the note was in default. (*Id*. at 5.) In March 2018, Wells Fargo brought this foreclosure action. (Doc. 1.) In May 2019, this Court

entered judgment in Wells Fargo's favor of $516,848.51 and ordered a judicial foreclosure. (Doc. 31 at 10–11.) A year went by before Wells Fargo initiated a Marshal's sale. (*See* Docs. 34; 35.)

Unrelated to the specific events at issue, in March 2020, the novel coronavirus outbreak caused the Governor of Montana to declare a state of emergency. From March 28 until April 24, 2020, the State was under a "shelter in place" order, and all non-essential activities and business were shut down.

Coinciding with this time period, on April 10, the United States Marshal's Service posted public notice and notified Bowler of the upcoming foreclosure sale. (Doc. 34 at 1.) Public notice ran until May 20, 2020. (Doc. 35 at 2.) Despite having knowledge of the scheduled sale, Bowler believed it would not go forward because he had heard that Wells Fargo was not going to foreclose on any property during the pandemic. (Doc. 41 at 6.) Bowler contacted Wells Fargo's attorney to verify his belief that the sale would not proceed. (*Id.*) Counsel responded that the sale was going forward as planned. (Doc. 43-2 at 1.) Despite this clarification, Bowler still believed the sale would be postponed. (Doc. 41 at 7.)

On May 27, 2020, the United States Marshal's Service held the foreclosure sale. (Doc. 38 at 1.) Bowler was represented by counsel. (Doc. 41 at 8.) Wells Fargo was the highest bidder and purchased the property. (Doc. 38 at 1.)

On May 29, 2020, Wells Fargo filed an Unopposed Motion to confirm the sale which the Court granted. (Docs. 37; 38.) Now, Bowler asks the Court to set aside the Marshal's sale.[1]

## DISCUSSION

Federal Rule of Civil Procedure 60(b) provides, as pertinent: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . . : (6) any other reason that justifies relief." The motion must be brought within a "reasonable time." Fed. R. Civ. Pro. 60(c)(1). However, the Rule is to be "used sparingly as an equitable remedy to prevent manifest injustice. The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). Relief is not available where "the party seeking reconsideration has ignored normal legal recourses." *Id.* (quoting *In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 249, 250 (9th Cir. 1989)).

Bowler argues that he is entitled to relief under Rule 60(b)(6) because, in sum, the pandemic is an extraordinary circumstance that prevented him from

---

[1] Bowler does not ask the Court to vacate its judgment—he only asks the Court to vacate the satisfaction of the judgment.

obtaining financing or opposing the sale.² (*See* Doc. 41.) Wells Fargo asserts that relief under Rule 60(b) is not appropriate because Bowler provides no justification for why the "normal legal" channels were unavailable to him, and asserts his motion is not timely. (*See* Doc. 43 at 12.) Specifically, Wells Fargo argues that Bowler could have challenged the sale: (1) through a motion to stay or for an injunction; or (2) retrospectively, by opposing judicial confirmation of the sale or filing a timely appeal. (*Id.*)

The Court agrees. Despite Bowler's contention that his conduct is blameless, Bowler did not pursue his rights until it was too late. If Bowler believed Wells Fargo was seeking an improper foreclosure sale, he should have sought an injunction.³

Bowler argues that the extraordinary nature of the pandemic itself warrants setting aside the foreclosure sale, regardless of his conduct. (*See* Docs. 41 at 12; 44 at 5.) However, the pandemic does not provide an excuse to every litigant

---

² Bowler erroneously cites the Montana Supreme Court's articulation of the Montana version of Rule 60(b) in support of his motion. (*See* Doc. 41 at 12 (citing *Essex Ins. Co. v. Moose's Saloon, Inc.*, 166 P.3d 451, 457 (Mont. 2007) (stating that relief under Montana Rule 60(b)(6) is appropriate where "(1) extraordinary circumstances; (2) the movant acted to set aside the judgment within a reasonable period of time; and (3) the movant was blameless.")).) Although there is nothing inherently incompatible about the Montana Supreme Court's articulation of a three-part standard for obtaining relief, it is not the framework endorsed by the Ninth Circuit. Accordingly, the Court will distill Bowler's arguments to better fit Federal Rule 60(b).
³ In his reply brief, Bowler asserts that he did not have the litigation budget to pursue his rights earlier. (Doc. 44 at 4.) While unfortunate, this is not an adequate legal argument to excuse his inaction.

seeking to set aside the adverse effect of a legal action. The pandemic did not make it impossible for Bowler to advocate for his rights. As he himself notes, the Government's "shelter in place" order did not stop essential services like lawyers and banks from continuing to operate. (Doc. 41 at 5.) Nor is there any evidence that but-for the pandemic, Bowler's circumstances would have been different. Although Bowler claims he did not have sufficient time before the sale to obtain financing to purchase his property (Doc. 41 at 16), Bowler ignores the fact that he had over a year to obtain financing—from the time this Court granted summary judgment to Wells Fargo to the time of the sale.

Despite Bowler's mistaken belief that the sale would not occur based on news articles and twitter posts (*see* Doc. 41 at 6–7), the sale was not a surprise. Bowler received advance notice by Wells Fargo (Doc. 41 at 6), and he received confirmation that despite corporate suggestions that Wells Fargo would not foreclose on homes during the pandemic, his foreclosure sale would go forward as planned (Doc. 43-2 at 1). He was even represented by counsel at the sale. (Doc. 41 at 8.) By failing to challenge the sale through the normal legal channels, Bowler is precluded from relief under Rule 60(b). *Alpine Land & Reservoir Co.*, 984 F.2d at 1049. (9th Cir. 1993).

Moreover, Bowler had an opportunity to challenge the sale in its immediate aftermath and failed to do so. On May 29, 2020, two days after the sale, counsel

for Wells Fargo filed a motion to confirm sale, and *Bowler did not oppose the motion.* (Doc. 37.) Nor did he timely file an appeal. It is well settled that a motion for relief under Rule 60(b) is not a substitute for appeal. *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (citing *Title v. United States of America*, 263 F.2d 28 (1959)).

As a result of his inaction, Bowler does not meet the high standard necessary to obtain relief under Rule 60(b). For this reason, the Court will not address Bowler's remaining arguments.

IT IS ORDERED that the Motion (Doc. 39) is DENIED.

DATED this 19th day of August, 2020.

_____
Dana L. Christensen, District Judge
United States District Court